In the course of the examination an inquiry was submitted to the court, as to the form of a question to be propounded to a witness in chief. The court said it was extremely difficult, if not impracticable, to adopt any form which would be proper in all cases. The rule is, that a question shall not be so propounded to a witness as to indicate the answer desired. The form laid down in some of the books, "do you or do you not known," &c., is a leading question, and may be so emphasized as to indicate, in the strongest terms, the desired answer. It is a matter of no great difficulty, in every examination of a witness, by a general remark, to inform him on what points he is to be examined, and then to elicit his knowledge respecting them, by such questions as do not lead to the answer desired. In the crossexamination leading questions are admissible on the ground that the witness, having been called by one party, may not be equally willing to disclose all he knows that shall be favorable to the other. And there may be circumstances, arising from the conduct of a witness, which shall require leading questions to be put to him, when examined as a witness in chief. This matter must depend upon the judgment of the court.

Except the above, no questions of law were raised in the course of the trial; and it is not deemed necessary to state the facts which were submitted to the jury. The verdict was, "Not guilty."

_____

UNITED STATES (DILLINGHAM v.). See Case No. 3,913.

_____

## Case No. 14,959.

UNITED STATES v. DISTILLED SPIRITS.

[See Case No. 15,960.]

_____

## Case No. 14,960.

UNITED STATES v. DISTILLERY.

[23 Int. Rev. Rec. 147.]

District Court, S. D. New York. April Term, 1877.

INTERNAL REVENUE LAW—PROCESS FOR VINEGAR MAKING—PRODUCTION OF ALCOHOL.

[The owner of a vinegar manufactory is liable under 15 St. 125, if by the process used by him he obtains alcohol from his mash so that he is saved the expense of purchasing the alcohol necessary for the making of vinegar.]

[This was a proceeding to forfeit distillery at 390 Eleventh avenue, New York City.]

Roger M. Sherman, Asst. U. S. Atty.
Charles S. Spencer, for claimant.

BLATCHFORD, District Judge (charging jury). There is a single question, and but a single question, according to my understanding of the law as applicable to this case, for your consideration. This defendant was, according to the testimony, a maker of vinegar. His ultimate product was vinegar. There is no testimony to show that any distilled spirits, as such, came out of his establishment, and the evidence to the contrary is about as strong as negative evidence can be. His establishment according to the testimony was watched to see whether it was not used for making distilled spirits, but the officers never found anything of the kind. So that it is quite clear that there was not any illicit action on the part of Mr. Jessen in producing spirits there, and taking it away out of the establishment, as spirits. He was a vinegar maker. Several statutes have been passed on the subject, which have been read and commented upon, and in 1868, in consequence of various decisions of the court, the law was passed, which is embodied now in the Revised Statutes [15 St. 125]. The substance of the law, as I understand it, is that a person may make a mash out of molasses, and water, and yeast, and just such a mash as a distiller would make, if he were going to make distilled spirits or rum, and such person may lawfully make this mash to be used exclusively to make vinegar, but he must not apply to that mash a process of distillation which, by the use of a still, or of a vessel equivalent to a still, will give him substantially in his vinegar the product of this mash, in the shape of alcohol, just as if, at the point where the product of such still enters into the mixture, he had put in alcohol from the outside, instead of having that alcohol as the result of the process he uses. That is the law. It is for you to say, on the evidence, whether you believe that the defendant, by his process substantially introduced spirits into his mixture, and had the spirits there for subsequent oxydation to make vinegar. We know that vinegar is the result of the oxydation of spirituous substances, which are oxydized by exposure to air. In the process of making vinegar in large quantities, shavings and charcoal, and other substances are used, which will make an extensive surface for exposure of the alcohol to the air, and promote rapid oxydation. If Mr. Jessen, by this process of his, got some alcohol out of his mash, by the use of his boiler, and was thus saved some expense of purchasing alcohol outside, he is liable in this case, otherwise he is not. The government must make out its case by a fair preponderance of evidence. This substantially covers all the questions in this case. In so far as what I have said does not concur with the requests on the part of the government, I must be considered as declining to charge in accordance with those requests. You will understand, gentlemen, that the testimony of Mr. Jessen is, that after his product entered the receiver in his basement, it was pumped upstairs, and alcohol was added and it was put through generators. But the point is whether he got into his mixture any alco-